UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CHAIT BUILDERS, INC.,

                    Plaintiff,

        -against-

MICHAEL V. MITCHELL AND MM MACHINE SALES
AND SERVICE,

                    Defendant.

-------------------------------------------------------------------X

Case No.:  2:22-CV-04078

**VERIFIED CIVIL
COMPLAINT**

Plaintiff, by their attorneys, **CARLINSKY, DUNN & PASQUARIELLO, PLLC**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

1.      The Plaintiff is a corporation duly formed in the State of New York, having at business address at 2856 Lindenmere Drive, Merrick, New York  11566.

2.      The Defendant, MM Machine Sales, is upon information and belief and entity formed in the State of New Jersey and maintains an office at 3901 Park Avenue, Edison, New Jersey  08817.

3.      Upon information and belief, the individual Defendant, Michael V. Mitchell, is a resident of New Jersey having an address at 4 Piluso Way, Piscataway, New Jersey  08854.

4.      Upon information and belief, the Defendant, Michael V. Mitchell, does business at MM Machine Sales and Service, Inc.

5.      Upon information and belief, the Defendant, Michael V. Mitchell, is a principal of the Defendant, MM Machine Sales and Service, Inc.

6.      Jurisdiction is based on 28 U.S.C Sec. 1332 as the amount in controversy is more than SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), which is detailed herein; and based on the diversity of citizenship between the Plaintiff and the Defendants.

7.      Upon information and belief, the Defendant, Michael V. Mitchell, and the Defendant, MM Machine Sales and Service, Inc., are in the business of selling and servicing various types of machinery that is advertised through various sources of the internet and social media.

8.      The advertising for the sale of machinery and service for equipment is advertised by the Defendants within multiple States within the United States and is not limited to the State of New Jersey.

9.      On or about May 20, 2022 the Plaintiff saw an advertisement on Facebook Marketplace advertising a 2002 Read 90 screener stated to have approximately 2000 hours of service on it.  A photo of the machine that was in the advertising is annexed hereto as **Exhibit "A"**.

10.     On May 23, 2022 the Plaintiff contracted with the Defendants for the purchase of a used equipment known as a 2002 Read-RD 90 Mobile Screen ------ serial number N908A7-7389 for the purchase price of $38,500.00.  A copy of the Bill of Sales is annexed hereto as **Exhibit "B"**.

11.     On May 25, 2022 the Plaintiff wired payment to the Defendants for the entire amount of the purchase price in the sum of THIRTY EIGHT THOUSAND AND FIVE HUNDRED DOLLARS ($38,500.00), which wire information and confirmation is set forth on **Exhibit "C"** annexed hereto.

2

12.     On or about June 2, 2022 a machine was delivered to the Plaintiff, but it was not the machine that was contracted for as set forth in the Bill of Sale but was instead a 1993 Power Screen 800 that had over 2500 hours on it with a broken gauge and was in complete disrepair, repainted and inoperable.  A photo of this machine is annexed hereto as **Exhibit "D"**.

13.     Upon contacting the Defendant Michael V. Mitchell pertaining to the issue of the wring machine being delivered, he only referred Plaintiff to an individual by the name of Bruce who apparently had something to do with the Power Screen described in paragraph 12 above.

14.     Upon speaking with Bruce, Plaintiff realized that the equipment purchased from the Defendants was actually a screener that was listed for sale by this individual Bruce through an entity known as Mideast Equipment Sales having an address at 1 Corporate Dr. Windsor Locks, CT  06096, who claimed it was sold to the Defendants several days earlier for sum of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) and that the Defendants requested that he deliver that equipment to the Plaintiff, which equipment was located in Bayshore, NY at the time of that sale.  A copy of the Ad for this equipment is annexed hereto as **Exhibit "E"**.

15.     Bruce also advised Plaintiff that the Defendants bounced the TWENTY FIVE THOUSAND DOLLARS ($25,000.00) check when it was presented for payment.

16.     The Defendants have refused to respond to any inquiries made by Plaintiff to Defendants other than the one response set forth in paragraph 13 above and the Defendants have not replied to a letter that was sent to them by Plaintiff's counsel on June 9, 2022.  A copy of that letter from Plaintiff' counsel is annexed hereto as **Exhibit "F"**.

3

17.    As a result of the disrepair of the equipment that was delivered instead of what the Plaintiff ordered, the Plaintiff has been purchasing parts and expending sums for labor in order to try to get the equipment into operating condition.

18.    As of this date the Plaintiff has THIRTY NINE THOUSAND NINE HUNDRED AND NINETEEN DOLLARS ($39,919.00) for parts, shipping and labor to repair the machine, which is still not operating as of the date hereof.  Invoices for parts and labor are annexed hereto as **Exhibit "G"**.

19.    As a result of the delays in getting the machine in operating condition, the Plaintiff has been forced to delay its project by at least eight (8) weeks, which has resulted in additional costs and carrying charges for labor and for construction loan interest in the amount of SIXTY THOUSAND DOLLARS ($60,000.00) as Consequential Damages based on the expectation that the machine will be in working condition within eight weeks of delivery, which damages are appropriate because of the intentional acts of fraud committed by the Defendants as set forth herein.

## AS AND FOR A FIRST CAUSE OF ACTION

20.    The Plaintiff repeats reiterates and realleges each and every allegation set forth in paragraphs 1-19 above.

21.    Upon information and belief, the Defendants knew or should have known that the false advertising as aforesaid would likely deceive consumers and in this instance the Plaintiff because of its falsity.

4

22.    The false advertising deceived the Plaintiff into purchasing a machine for soil screening that Plaintiff would not have purchased if not for the false advertising and misrepresentations.

23.    As a result of the foregoing, the Plaintiff was damaged for the sum equal to the purchase price of the machine in the sum of THIRTY EIGHT THOUSAND AND FIVE HUNDRED DOLLARS ($38,500.00).

## AS AND FOR A SECOND CAUSE OF ACTION

24.    The Plaintiff repeats reiterates and realleges each and every allegation set forth in paragraphs 1-23 above.

25.    The Defendants fraudulently and intentionally misrepresented the item of equipment that was listed for sale on the Facebook Marketplace.

26.    The Plaintiff justifiably relied upon the Plaintiff's advertisement unaware of the misrepresentations therein and suffered a loss that should have been reasonably anticipated by Defendants to result from reliance upon what was represented in the advertisement.

27.    The Plaintiff was induced to act to its detriment by virtue of the false advertising and misrepresentations of the Defendants.

28.    As a result of the Plaintiff's reliance upon the false advertising and misrepresentations of the Defendants the Plaintiff was caused to spend, to date, the sum of THIRTY NINE THOUSAND NINE HUNDRED AND NINETEEN DOLLARS ($39,919.00) for parts, shipping and labor to repair the equipment and has therefore suffered damages for said amount.

## AS AND FOR A THIRD CAUSE OF ACTION

29.    The Plaintiff repeats reiterates and realleges each and every allegation set forth in paragraphs 1-28 above.

30.    The Defendants are liable to the Plaintiff for punitive damages because the Defendant's wrongdoing herein exceeded a high degree of moral turpitude and demonstrated a dishonesty that implies a criminal indifference of moral obligation.

31.    In this instance Defendant's advertisement was clearly and intentionally a false and fraudulent misrepresentation of what was being advertised and sold as opposed to what was actually being delivered to the Plaintiff.

32.    The Defendant's intentional misrepresentations were made in the regular course of the Defendants business and as the basis of their business, knowing that the Plaintiff would rely and act upon said misrepresentations.

33.    As a result of the foregoing, Plaintiff is entitled to punitive damages in a sum equal to no less than TWO HUNDRED AND THIRTY FIVE THOUSAND ($235,000.00) or for such other sum as this court may deem to be just and proper.


## AS AND FOR A FOURTH CAUSE OF ACTION

34.    The Plaintiff repeats reiterates and realleges each and every allegation set forth in paragraphs 1-33 above.

35.    As a result of the actions of the Defendants as set forth herein the Defendants were unjustly enriched in the sum of THIRTY EIGHT THOUSAND AND FIVE HUNDRED DOLLARS ($38,500.00).

6

## AS AND FOR A FIFTH CAUSE OF ACTION

36.     The Plaintiff repeats reiterates and realleges each and every allegation set forth in paragraphs 1-35 above.

37.     As a result of the delays in getting the machine in operating condition, the Plaintiff has been forced to delay its project by at least eight (8) weeks, which has resulted in additional costs and carrying charges for labor and for construction loan interest in the amount of SIXTY THOUSAND DOLLARS ($60,000.00) as Consequential Damages based on the expectation that the machine will be in working condition within eight weeks of delivery, which damages are appropriate because of the intentional acts of fraud committed by the Defendants as set forth herein.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

1.   As and for the First Cause of Action, the sum of THIRTY EIGHT THOUSAND AND FIVE HUNDRED DOLLARS ($38,500.00);

2.   As and for the Second Cause of Action for the parts and labor to repair the machine the sum of THIRTY NINE THOUSAND NINE HUNDRED AND NINETEEN DOLLARS ($39,919.00);

3.   As and for the Third Cause of Action punitive damages in a sum equal to no less than TWO HUNDRED AND THIRTY FIVE THOUSAND ($235,000.00) or for such other sum as this court may deem to be just and proper.

4.   As and for the Fourth Cause of Action for Unjust Enrichment the sum of THIRTY EIGHT THOUSAND AND FIVE HUNDRED DOLLARS ($38,500.00);

5.   As and for the Fifth Cause of Action for consequential damages the sum of SIXTY

## ATTORNEY'S VERIFICATION

**MITCHELL J. CARLINSKY**, an attorney duly admitted to practice before the Courts of the State of New York, and duly admitted in the Eastern District of the Federal Court in the State of New York, affirms the following to be true under the penalties of perjury:  I am an attorney at **CARLINSKY, DUNN & PASQUARIELLO, PLLC**, attorneys of record for Plaintiff, **CHAIT BUILDERS, INC.**.  I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

Dated: Melville, New York
      July 12, 2022

MITCHELL J. CARLINSKY

9

THOUSAND DOLLARS ($60,000.00); and

6. For such other and further relief as this court deems to be just and proper.

7. Plaintiff demands a jury trial.

Dated: Melville, New York
July 12, 2022

Yours, etc.

MITCHELL J. CARLINSKY 7435
CARLINSKY, DUNN & PASQUARIELLO, PLLC
Attorneys for Plaintiff, CHAIT BUILDERS, INC.
532 Broadhollow Road
Melville, New York 11747
(516) 622-0099

TO:   MICHAEL V. MITCHELL
      4 PILUSO WAY
      PISCATAWAY, NEW JERSEY  08854

      MM MACHINE SALES & SERVICE
      3901 PARK AVENUE
      EDISON, NEW JERSEY  08817